NOTICE
Decision filed 03/04/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 241258-U

NO. 5-24-1258

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Douglas County. |
| | ) | |
| v. | ) | No. 24-CF-173 |
| | ) | |
| DONALD PITTMAN JR., | ) | Honorable |
| | ) | Katherine D. Watson, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CATES delivered the judgment of the court.
Presiding Justice McHaney and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's orders granting the State's verified petition to deny pretrial release and denying the defendant's motion for relief are affirmed where the circuit court's findings and ultimate decision were not error.

¶ 2    The defendant, Donald Pittman Jr., appeals the November 15, 2024, denial of his motion for relief and immediate release and the September 27, 2024, order of the circuit court of Douglas County that granted the State's petition to deny him pretrial release. On September 23, 2024, the defendant was charged by information with criminal sexual assault, a Class 1 felony (count I), and two counts of aggravated criminal sexual abuse, Class 2 felonies (counts II-III). On September 27, 2024, the State filed a verified petition to deny the defendant pretrial release. On the same day, the circuit court held a hearing on the State's petition. After considering proffers and arguments from counsel, the circuit court entered an order detaining the defendant.

1

¶ 3    Subsequently, on October 16, 2024, the defendant filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h). The defendant argued that the State failed to meet its burden of proving, by clear and convincing evidence, that (1) the proof was evident or the presumption great that the defendant committed a detainable offense; (2) the defendant posed a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case; and (3) no conditions or combination of conditions could mitigate the real and present threat to the safety of any person or persons. The defendant also argued that the circuit court erred in its determination that no condition or combination of conditions could reasonably protect the community and that the circuit court erred in considering his recent arrest as proof that the defendant posed a risk of harm to the community. The defendant contended that he was denied a fair hearing because the State did not produce any admissible evidence at the detention hearing, only argument and innuendo. The motion for relief was denied on November 15, 2024, and the defendant filed a timely notice of appeal.

¶ 4    On appeal, the Office of the State Appellate Defender (OSAD) was appointed to represent the defendant. OSAD filed a notice in lieu of Rule 604(h)(7) memorandum. We acknowledge that the defendant is not required to file a memorandum, and the issues set forth in the motion for relief will represent the defendant's argument on appeal.

¶ 5    Pretrial release—including the conditions related thereto—is governed by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). A defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2022). Upon filing a timely, verified petition requesting denial of pretrial release, the State has the burden to prove by clear and

convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-6.1(e), (f) (West 2022). The State or the defendant may present evidence to the trial court by way of proffer based upon reliable information. 725 ILCS 5/110-6.1(f)(2) (West 2022). The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense, and the trial court concludes the defendant poses a real and present threat to the safety of any person or the community (725 ILCS 5/110-6.1(a)(1)-(7) (West 2022)) or there is a high likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8) (West 2022)).

¶ 6      To set appropriate conditions of pretrial release where the State has filed a petition to detain, the circuit court must determine whether the State has met its burden by clear and convincing evidence, what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a) (West 2022). In reaching its determination, the circuit court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person;[1] (4) the nature and seriousness of the specific, real, and

---

[1]The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2022).

present threat to any person that would be posed by the person's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a) (West 2022). The statute lists no singular factor as dispositive. See 725 ILCS 5/110-5(a) (West 2022).

¶ 7     Upon the filing of a motion for relief pursuant to Illinois Supreme Court Rule 604(h)(2), the burden is on the defendant to file a written motion requesting relief from pretrial detention and must allege the grounds for such relief as will be sought on appeal. The circuit court must "promptly hear and decide the motion for relief." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024).

¶ 8     Our standard of review of pretrial release determinations is twofold. Where the circuit court is asked to consider the testimony of live witnesses, and make factual findings, such as the State's burden of presenting clear and convincing evidence that conditions of pretrial release would not protect any person or the community, the defendant has a high likelihood of willful flight to avoid prosecution, or the defendant failed to comply with previously ordered conditions of pretrial release, our standard of review is the manifest weight of the evidence. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). Alternatively, where the parties to a pretrial detention hearing proceed solely by proffer or submission of documentary evidence, this court stands in the same position as the circuit court and may conduct its own independent review of the proffered evidence, thus reviewing the record *de novo*. *Addison Insurance Co. v. Fay*, 232 Ill. 2d 446, 453 (2009).

¶ 9     We have thoroughly reviewed the record on appeal in this matter. During the hearing on the State's petition to detain, the State presented the circuit court with a police report from the

4

Tuscola Police Department. The police report described the initial investigation that included, *inter alia*, that on the night of August 30, 2024, Sergeant Timothy Jimenez of the Tuscola Police Department met with Laila N. Pittman regarding a disclosure made by her 13-year-old sister, A.P. Earlier in the night, A.P. had told Laila that A.P. had been sexually assaulted by her father, the defendant, several months prior. Laila did not have specifics of the sexual assault allegation. Later, Sergeant Jimenez spoke with Laila and A.P. and scheduled an interview to be conducted at the Children's Advocacy Center of East Central Illinois (CAC).

¶ 10    On September 5, 2024, A.P. was interviewed at the CAC. A.P. reported that the defendant had sexually assaulted her between two to three months prior at their home in Tuscola, Illinois. On the day of the sexual assault, while A.P.'s stepmother was at work, A.P. and the defendant went on a golf cart ride. During the golf cart ride, the defendant talked to A.P. about their relationship and asked if she could keep a secret. The defendant also talked to A.P. about sex. The defendant told A.P. that it was a parent's responsibility to teach their children about sex and that he was going to have sex with her. Further, the defendant indicated that it had happened with A.P.'s older brother and older sister, Laila.

¶ 11    Following the golf cart ride, the defendant and A.P. returned home. The defendant then worked on the golf cart and later went to lie down in his bed. Subsequently, A.P. went into the defendant's bedroom to massage his feet. While A.P. was massaging the defendant's feet, he began to touch A.P.'s "butt" and pulled down her pants. The defendant proceeded to sexually assault A.P. During the assault, the defendant put his "boy part" in her "butt" and her "butthole." While this occurred, A.P. said "ow" because it hurt "really bad." Afterwards, the defendant told A.P. that "stage 1 was done and they were now going to move on to stage 2." The defendant did not specify what "stage 2" meant. The defendant also told A.P. not to tell anyone and that he wanted to prepare

her for life. For approximately one week following the sexual assault, A.P. reported that her anus hurt and after bowel movements she noticed blood when she wiped.

¶ 12    During the detention hearing, the State argued that the statements made by the defendant to the victim both attempted to justify his actions and implied that there would be further phases of sexual contact with the victim. The State argued that the incident was articulated in troubling detail and that the defendant should be treated as a danger to the victim and the community. The State also informed the circuit court that the defendant had a prior criminal history that included convictions for a bodily harm domestic battery in 2004, a bad check offense in 2009, and an arson in 1996. In response, defense counsel argued, *inter alia*, that the defendant had denied the allegations during a police interview, the other children implicated in the victim's statement denied any abuse, and there was no physical corroboration of the offense. Defense counsel also highlighted the defendant's significant health issues, including stage 4 kidney failure that requires dialysis three times a week and a form of heart failure as a complication of his kidney disease. Defense counsel argued that A.P. had been removed from the home, and he was willing to stay at his father's house if necessary and comply with GPS monitoring. The circuit court made an individualized finding to deny pretrial release to the defendant after considering the evidence presented, the police reports, the pretrial investigation report, arguments made by counsel, and the statutory factors.

¶ 13    Subsequent to the petition to detain, on October 9, 2024, the circuit court held a preliminary hearing and also addressed pretrial release. The circuit court addressed the preliminary hearing first. Sergeant Jimenez testified for the State, which was consistent with the police reports presented at the pretrial release hearing. Following argument from counsel, the circuit court found that there was probable cause to believe that a felony offense was committed by the defendant.

The circuit court then proceeded to address the issue of pretrial release. Defense counsel called Jill Logue, A.P.'s grandmother, to testify. Logue testified that A.P. and her sister were staying with Logue, and that the defendant had not contacted the girls. Defense counsel called Kristin Moretti, A.P.'s stepmother, to testify. Moretti said that neither A.P. nor her sister had raised any concerns about the defendant. Moretti testified that the girls would be safe if the defendant was released. In response, the State recalled Sergeant Jimenez to testify. Sergeant Jimenez testified that during A.P.'s interview at the CAC she had stated the defendant indicated that was "stage one" and they would move to "stage two," which implied further sexual contact. After considering the evidence and proffers from counsel, the circuit court found that continued detention was necessary and appropriate to protect a specific person or the community. The defendant was ordered to remain detained.

¶ 14    On October 16, 2024, the defendant filed a motion for relief. The circuit court held a hearing on November 15, 2024, to address the defendant's motion. During the hearing, defense counsel attempted to call multiple witnesses to testify to new evidence not previously disclosed and not pleaded in the motion for relief. The State objected to the presentation of new evidence. The court allowed defense counsel to make a proffer regarding those issues, but it denied allowing the witnesses to testify to new evidence. Defense counsel proffered that A.P. had run away on several occasions prior to the alleged incident; Laila denied that she had been abused as a child; and that the defendant's health issues were a burden on the jail. The State reiterated its previous arguments against the defendant's pretrial release.

¶ 15    The circuit court considered the proffers, arguments, and evidence presented by counsel. The circuit court also considered the statutory factors and took judicial notice of the detention hearing held on September 27, 2024. The circuit court noted that while the defendant complained

about proffers used at the hearings, proffers were allowed under the statute. Ultimately, the circuit court found that the State had met its burden of proving, by clear and convincing evidence, that the defendant had committed a detainable offense. The circuit court then found the defendant posed a real and present threat to the safety of specific persons and to the community. Based on these facts, along with the other matters already of record, the circuit court found that no condition or combination of conditions could reasonably mitigate against the danger posed by the defendant and denied the defendant's motion for relief.

¶ 16 We have independently reviewed the circuit court's findings and conclude that the granting of the State's petition to detain was not error. Further, the circuit court did not err in its ultimate determination to deny the defendant pretrial release on the defendant's motion for relief. Accordingly, we affirm the circuit court's orders of September 27, 2024, and November 15, 2024.

¶ 17 Affirmed.